UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. LOVENTHAL and DEBORAH L. LOVENTHAL,<br><br>        Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC. and U.S. BANK, NA,<br><br>        Defendants. | )<br>)<br>)  Case No. 18-cv-3435<br>)<br>)  Judge Sharon Johnson Coleman<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, Robert and Deborah Loventhal, bring this action against Select Portfolio Servicing, Inc. (SPS) and U.S. Bank, N.A., accusing the defendants of breach of contract, breach of the covenant of good faith and fair dealings, negligent misrepresentation, intentional misrepresentation, and violating the Illinois Consumer Fraud Act. The defendants now move to dismiss the Loventhals' claims based on res judicata, collateral estoppel, or the Loventhals' failure to state a claim on which relief could be granted. For the reasons set forth herein, that motion [16] is granted in part and denied without prejudice in part.

**Background**

The following facts are taken from the complaint, the attached documents, and public records, and are taken as true for the purpose of the present motion. The plaintiffs own a townhouse at 2609C North Greenview Avenue in Chicago. The mortgage on that property was held by U.S. Bank, and the mortgage was serviced by SPS. In 2016, the Loventhals filed a mortgage modification request based upon hardship. At that time, the Loventhals advised the defendants that the property was rented to a tenant, and the defendants confirmed that the rental status of the property would not preclude a modification or prevent access to specific modification programs.

1

Despite having received an adequate application, the defendants began a campaign of burdensome conduct. The defendants repeatedly denied having received documents, requested information outside the Loventhals' control, and otherwise delayed the modification of their loan. Due to the default giving rise to the loan modification request, the defendants rejected the Loventhals' mortgage payments, compounding the Loventhals' default and leading to the commencement of a foreclosure action in early 2017. On June 19, 2017, the Loventhals filed a counterclaim in the foreclosure action alleging, in pertinent part, the defendants' bad faith failure to negotiate a loan modification and the violation of the covenant of good faith and fair dealing. The conduct complained of continued following that filing, culminating in the denial of the Loventhals' loan modification request on December 28, 2017, based on an appraisal that the Loventhals claim was erroneous and the fact that rental properties are generally not eligible for loan modifications. On June 15, 2018, Judge Curry dismissed the Loventhals' foreclosure action counterclaims with prejudice. The present action was filed on May 16, 2018, a month before the Loventhals' counterclaims were dismissed.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

The defendants contend that the Loventhals claims are precluded by res judicata. The principle of res judiciata prohibits a party from relitigating matters that were fully litigated, or that could have been fully litigated, in a previously adjudicated cause of action. *Groesch v. City of Springfield*, 635 F.3d 1020, 1029 (7th Cir. 2011). In order for res judicata to apply, the prior decision must (1) be a final decision on the merits rendered by a court of competent jurisdiction; (2) have constituted the same cause of action as the current suit; and (3) have involved the same parties or their privities. *Bonnstetter v. City of Chicago*, 811 F.3d 969, 975 (7th Cir. 2016).

The Loventhals assert that the parties to the state court action and this action do not share the same identities because SPS was not a party to the state court action. SPS and U.S. Bank, however, have a mutual relationship in the property rights subject to the state court action, and therefore are in privity. *City of Chicago v. St. John's United Church of Christ*, 404 Ill.App.3d 505, 513, 935 N.E.2d 1158 (2010); *see also Berry v. Wells Fargo Bank, N.A.*, 865 F.3d 880, 883 (7th Cir. 2017) (recognizing that the interests of a mortgage servicer are no different than those of the mortgagee when successive suits arise out of a single mortgage transaction).

The Loventhals next argue that the foreclosure action and this proceeding are not the "same cause of action" for res judicata purposes. Under Illinois law, separate claims constitute the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. *River Park, Inc. v. City of Highland* Park, 184 Ill.2d 290, 311, 703 N.E.2d 883 (1998). The Loventhals' foreclosure counterclaim, filed on June 19, 2017, generally alleged the defendants' obstruction of the modification process through duplicative requests for information and other stall tactics. The current complaint alleges the same conduct, but also continues on to allege conduct continuing after the counterclaim was filed, culminating in the December 28, 2017, denial of the Loventhals' loan modification request. These

3

claims all arise from the defendants' processing of the Loventhals' loan modification request, and therefore constitute a singular transaction for res judicata purposes. *Tratar v. Bank of America, N.A.*, No. 15 C 5844, 2016 WL 4945059, at *2 (N.D. Ill. Sept. 16, 2016) (Durkin, J.).

Finally, the Loventhals dispute whether the denial of a counterclaim is a final judgment on the merits. The Loventhals support their arguments by reference to cases holding that denial of a counterclaim is not a final judgment for purposes of appealability. *See, e.g. Blumenthal v. Brewer*, 2016 IL 118781, 23, 69 N.E.3d 834 (2016). In Illinois, the entry of judgment at the circuit court level does not have preclusive effect if the potential for appellate review has not been exhausted. *See Hearne v. Board of Educ. of City of Chicago*, 185 F.3d 770, 778 (7th Cir. 1999); *Rogers v. Desiderio,* 58 F.3d 299, 302 (7th Cir. 1995); Ballweg *v. City of Springfield*, 114 Ill.2d 107, 113, 499 N.E.2d 1373 (1986). Accordingly, the prevailing practice in this district is to stay consideration of federal actions where appeals are pending in a state action with possible res judica effect. *Tratar*, 2016 WL 4945059, at *3. As the state court foreclosure action here remains pending, it would be premature for this Court to decide the possible res judicata effect of that action.

**Conclusion**

In light of the foregoing, the defendants' motion to dismiss is granted in part and denied without prejudice in part. The proceedings in this case are stayed pending the final resolution of the foreclosure action in state court. The parties are to file a status report by 11/1/2019 informing this Court of the status of the foreclosure action and any resulting appellate proceedings.

Date: 6/11/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

4